EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN MOLL FERRER, acusado y apelante.

No. 2748.—*Visto:* Noviembre 10, 1926. *Resuelto:* Enero 26, 1927.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—PARTES CON DERECHO A PRESENTAR ERRORES—PARTES QUE NO PUEDEN ALEGARLOS—ERRORES COMETIDOS A INVITACIÓN DEL PROPIO APELANTE.—Aun cuando la admisión de cierta prueba fuera error, si dicho error se comete a invitación del propio acusado, éste no puede quejarse de aquél.

2. DERECHO PENAL—JUICIO—RECEPCIÓN DE PRUEBAS—PRESENTACIÓN DESPUÉS QUE LAS PARTES HAN TERMINADO—DISCRECIÓN JUDICIAL.—Las cortes tienen discreción para permitir a un fiscal ofrecer prueba una vez terminado el período de dicho funcionario para presentar la suya.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de homicidio voluntario. *Confirmada.*

*Felipe Colón, José R. Gelpí, Leopoldo Tormes,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Juan Moll Ferrer fué declarado convicto de un delito de homicidio voluntario y la corte inferior le impuso tres años de presidio.

Apeló y señala en su alegato como primer error que no aparece de la acusación la firma del presidente del gran ju-

rado, endosando la acusación. Sin embargo, de la misma acusación puede leerse a su dorso, pasando desapercibido al acusado, lo siguiente:

"No. 500—Corte de Distrito de Ponce, Puerto Rico—El Pueblo de Puerto Rico vs. Juan Moll Ferrer—Asesinato en Segundo Grado. —Adjuntas—INDICTMENT—El Gran Jurado, después de pesar la evidencia en este caso, declara la presente—Acusación Fundada—Ponce, P. R.—Julio 31/924—(fdo.) Rafael Mejía—Presidente—Radicado Julio 31, A. D., 1924. (fdo.) E. Gotay Purcell, Secretario.—(fdo.) Agustín E. Font, Fiscal de Distrito."

[1, 2] Se alega como segundo error haberse admitido la declaración escrita prestada por el testigo Luis Barriera ante el Juez Municipal de Adjuntas "como prueba de impugnación cuando ya había terminado el período del Fiscal para presentar su prueba y por ser todo ello improcedente en ese sentido."

En relación con dicha declaración, las partes, con aprobación de la corte, hicieron la siguiente estipulación:

"El abogado defensor del acusado Sr. Gelpí y el Fiscal del Distrito estipulan y convienen que se presente una declaración prestada por Luis Barriera ante el Juez Municipal de Adjuntas en 19 de julio 1924, aceptando que lo que consta en esa declaración sería lo que diría Luis Barriera en caso de venir aquí a declarar hoy ante la Corte; pero la defensa aceptando esta evidencia como si fuera la producida verbalmente por el testigo, hace la objeción de que no constituye prueba de impugnación y por tanto se opone a ella.

"Juez: La Corte aprueba la estipulación hecha por las partes."

De una parte la corte inferior tenía discreción para permitir al fiscal ofrecer, después del momento a que se refiere el acusado, dicha prueba, y de otra, asumiendo que se trataba de un error, éste se hubiera cometido a invitación del mismo acusado, a quien tampoco hubiera sido perjudicial toda vez que la declaración escrita de Barriera, aunque se tratare de una prueba de *rebuttal* al testigo Augusto Ríos de la defensa o del mismo acusado, tendía más bien a ser favorable a éste, ya que en ella se describe el delito como

un homicidio voluntario, cuando en la acusación original se había calificado de asesinato en segundo grado.

Los dos últimos errores tratan de la apreciación de la prueba. La hemos examinado cuidadosamente y ella sostiene el veredicto del jurado, *debiendo confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino.